# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### DOCKET NO. 3:10-cv-142-FDW-DSC

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | **ORDER** |
| vs. | ) ) | |
| MCGEE BROTHERS CO., INC., | ) ) | |
| Defendant. | ) | |

THIS MATTER is before the Court upon *sua sponte* reconsideration of its oral order issued in open court on March 21, 2011, granting Plaintiff's Motion *in Limine* to exclude the testimony of EEOC investigators Melinda Caraballo and Melvin J. Hardy, Sr. (Doc. No. 37). At the March 21, 2011 pre-trial Motions hearing, the Court determined that the EEOC investigators' testimony would not be admissible and took under advisement Plaintiff's motion to exclude the investigatory notes, deferring ruling on their admissibility until the appropriate time during trial.

Having reviewed the parties' submissions and their oral arguments, as well as the Federal Rules of Evidence and the appropriate case law, the Court hereby vacates its previous ruling and will allow Ms. Caraballo and Mr. Hardy be subpoenaed to appear at trial. The following limitations will apply to their respective testimony:

1.  No testimony regarding the EEOC's investigative procedure or deliberative process will be permitted.

2.  Defendant may elicit testimony regarding admissions made by Mr. Avelar during the course of the EEOC's investigation and of which Ms. Caraballo and/or Mr. Hardy have personal knowledge, pursuant to Fed. R. Evid. 801(d)(2).

3.       Defendant may elicit testimony regarding omissions made by Mr. Avelar during the course of the EEOC's investigation only pursuant to the requirements of Fed. R. Evid. 613(b) and 801(d)(1).

4.       Nothing in this order shall be construed to prohibit or otherwise limit Plaintiff's right to object to any line of questioning or to any response or to assert any of the privileges recognized by the Federal Rules of Evidence and/or the federal common law.

5.       The Court will defer ruling on the admissibility of the investigators' notes until the appropriate time during trial.

IT IS SO ORDERED.

Signed: March 23, 2011

Frank D. Whitney
United States District Judge