# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:10-cv-142-FDW-DSC

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) Plaintiff, ) ) ) vs. ) ) MCGEE BROTHERS CO., INC., ) ) Defendant. ) | ORDER |

THIS MATTER is before the Court upon Plaintiff's Motion *in Limine* to exclude evidence and testimony relating to conciliation. (Doc. No. 40). During a hearing held on March 21, 2011, before the undersigned, the Court heard argument regarding the admissibility of evidence relating to the informal conciliation process. Defendant argues that the EEOC did not engage in good faith conciliation as required under Title VII prior to filing a complaint alleging hostile work environment in the district court. (Doc. No. 45 (citing 42 U.S.C. § 2000e-5(b), (f)(1))). Specifically, Defendant contends that by, *inter alia*, failing to disclose certain information in support of its initial conciliation offer, the EEOC made unsupportable demands for compensatory damages as a weapon of settlement. (Doc. No. 45 (citing E.E.O.C. v. Agro Distrib., LLC, 555 F.3d 462, 468 (5th Cir. 2009)).

After considering Defendant's argument and expressing serious concern over Defendant's failure to assert that the EEOC failed to satisfy this particular condition precedent until the eve of trial[1], in an abundance of caution, the Court ordered a temporary stay of the case to provide the

---

[1] It is unclear whether, but for Plaintiff's Motion *in Limine*, this issue would have been brought to the Court's attention until the midst of trial. Defendant did not file any Rule 12 motions and it did not raise Plaintiff's alleged failure to conciliate in good faith in its Motion for Summary Judgment (Doc. No. 23). Counsel for Plaintiff argued that Defendant's failure to raise this issue at an earlier stage of the litigation constituted waiver of what amounts to an affirmative defense. Defendant argued that in its Answer, it denied Plaintiff's contention that it had satisfied all prescribed conditions precedent prior to filing suit. (Answer ¶

parties an additional opportunity to conciliate. Although the Court did not decide that the EEOC failed to conciliate in good faith, the Court concluded that assuming Defendant's allegation were true, the appropriate remedy was to allow the parties additional opportunity to conciliate. § 2000e-5(f)(1) ("Upon request, the court may, in its discretion, stay further proceedings for not more than sixty days pending . . . further efforts of the Commission to obtain voluntary compliance"); see also E.E.O.C. v. Zia Co., 582 F.2d 527, 533 (10th Cir. 1978) ("The inquiry into the duty of 'good faith' on the part of the EEOC is relevant to whether the court should entertain the claim, or stay the proceedings for further conciliation efforts, not to its power over the cause"); Agro Distrib., LLC, 555 F.3d at 469 (allowing either a stay for further conciliation efforts or dismissal in remedying a failure to conciliate in good faith); E.E.O.C. v. Klingler Elec. Corp., 636 F.2d 104, 107 (5th Cir. 1981) ("the appropriate remedy, should the district court find that the EEOC has not adequately attempted conciliation, would be the stay permitted by 42 U.S.C. s 2000e-5(f)(1)").

Pursuant to this Court's order, the parties met in the presence of Magistrate Judge David Keesler on March 22, 2011, for more than three and one-half hours. Judge Keesler made himself available, at this Court's request, to help facilitate the meeting and to be present in the event the meeting evolved into a traditional Judicial Settlement Conference. After some settlement discussion, the parties were ultimately unable to reach an agreement.[2]

Having given the parties additional opportunity to conciliate–regardless of whether such

---

3). For the purposes of rendering a ruling on Plaintiff's Motion, the Court assumes, but does not decide, that the issue is not waived.

[2] The EEOC continues to maintain that its initial conciliation effort satisfied the prerequisites to suit, that they were taken in good faith, and that when Defendant terminated the conciliation process (Doc. No. 40-1), the EEOC was under no obligation to continue discussions. The parties generally agreed that the March 22 meeting would be more effective as a settlement conference and proceeded accordingly.

additional opportunity was necessary–the Court reiterates its oral ruling, given in open court at the March 21, 2011, pre-trial motions hearing. Plaintiff's Motion *in Limine* is GRANTED. This Court is simply unaware of any case law supporting the proposition that the alleged failure of the EEOC to conciliate in good faith presents a question for the jury rather than the Court.[3] Instead, because it presents a potential bar to consideration of the merits of a Title VII claim filed by the EEOC, it is a question solely for the Court. Even assuming that the jury could consider the EEOC's conciliation effort, it is unclear how such evidence would survive Fed. R. Evid. 408's prohibition against admission of compromise and compromise negotiations.

    IT IS SO ORDERED.

                              Signed: March 23, 2011

                              Frank D. Whitney
                              United States District Judge

---

[3] The Court has reviewed E.E.O.C. v. Jordan Graphics, Inc., 769 F. Supp. 1357 (W.D.N.C. 1991) (Potter, J.) on Defendant's suggestion and determines it provides no support for Defendant's contention that the issue should be presented to the jury. As an initial matter, though Judge Potter was sitting as finder-of-fact, his factual finding that the EEOC engaged in good faith conciliation in that case was made as part of a legal conclusion that the preconditions to suit had been satisfied and therefore Judge Potter was able to reach the merits of the case. Id. at 1362. Additionally, Judge Potter's order, if anything, reinforces the EEOC's contention that has satisfied all conditions precedent in the case at bar. Id. ("It is immaterial that the EEOC did not specifically state in the determination letter all of the alleged discriminatory practices and all of the class members").