| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) ) ) | ORDER |
| vs. ) ) | |
| MCGEE BROTHERS CO., INC., ) ) | |
| Defendant. ) | |

THIS MATTER is before the Court on Defendant McGee Brothers Co., Inc.'s Motion for Reconsideration (Doc. No. 55) and Motion for Clarification (Doc. No. 56) pertaining to the Court's Order of March 24, 2011, granting Plaintiff Equal Employment Opportunity Commission's ("EEOC") Motion *in Limine* to exclude evidence and testimony relating to conciliation (Doc. No. 50). The Court has reviewed the parties' memoranda in support and opposition and exhibits, as well as the whole record. Because Defendant has failed to present any new evidence or law suggesting that the EEOC's alleged failure to satisfy the conditions precedent to filing a Title VII action raises a question for the jury, Defendant's Motion for Reconsideration is DENIED. To the extent that Defendant now challenges this Court's subject matter jurisdiction over this suit, the Court holds that it has jurisdiction to consider the EEOC's claim. Finally, because the Court has jurisdiction, there is no need to further clarify the Court's March 24, 2011 order and Defendant's Motion for Clarification is accordingly DENIED as moot.

**I. BACKGROUND**

The EEOC filed suit against Defendant on March 25, 2010, alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. The EEOC alleges that Defendant

subjected complainant Jose Avelar, a Hispanic from El Salvador, to a hostile work environment through Avelar's foreman, Neil Stallings, who, *inter alia*, referred to Avelar as a "fucking Mexican" on a daily basis, called Avelar "motherfucker, wetback," and on one occasion threw a hammer at Avelar. (Compl. ¶ 8(a)). After the Court denied Defendant's motion for summary judgment (Doc. No. 23), trial was calendared for March 21, 2011, with consideration of motions *in limine* and jury selection to occur on the same day.

Among the motions *in limine* argued at the March 21, 2011 pre-trial motions hearing, the EEOC moved to exclude evidence and testimony relating to conciliation (Doc. No. 40), anticipating that Defendant intended to present to the jury evidence that the EEOC failed to conciliate in good faith, and thus that the preconditions to suit had not been satisfied.[1] After considering the parties' oral arguments at the March 21, 2011, pre-trial motions hearing, the Court expressed concern over the late hour in which the conciliation issue was raised. Nevertheless, the Court concluded that the appropriate remedy for an alleged failure to conciliate in good faith was not to allow Defendant to present evidence on the EEOC's conciliation effort–or alleged lack thereof–to the jury, but rather to temporarily stay the case to permit the parties an additional opportunity for conciliation. 42 U.S.C. § 2000e-5(f)(1) ("Upon request, the court may, in its discretion, stay further proceedings for not more than sixty days pending . . . further efforts of the Commission to obtain voluntary

---

[1] It is unclear whether, but for the EEOC's motion *in limine*, Defendant's argument that all conditions precedent had not been satisfied would have been raised until the midst of trial. Defendant did not file any Rule 12 motions to dismiss, nor was this issue raised in Defendant's motion for summary judgment (Doc. No. 23). The only other reference to Defendant's assertion that the EEOC failed to conciliate in good faith is found in Defendant's Answer: "It is admitted that Avelar filed an EEOC charge alleging Title VII allegations against McGee Brothers more than thirty days prior to the institution of this lawsuit. Except as admitted, the allegations of Paragraph 7 [of the Complaint, alleging that all conditions precedent had been satisfied] are denied for lack of information." (Answer ¶ 7). The only other challenge to the satisfaction of the perquisites to suit or this Court's jurisdiction is Defendant's Sixth Affirmative Defense that any discrete claims of discrimination occurring more than 180 days prior to Avelar's filing a charge of discrimination with the EEOC in October 2007 are barred by the statute of limitations.

compliance"); see also E.E.O.C. v. Zia Co., 582 F.2d 527, 533 (10th Cir. 1978) ("The inquiry into the duty of 'good faith' on the part of the EEOC is relevant to whether the court should entertain the claim, or stay the proceedings for further conciliation efforts, not to its power over the cause"); E.E.O.C. v. Agro Distrib., LLC, 555 F.3d 462, 469 (5th Cir. 2009) (allowing either a stay for further conciliation efforts or dismissal in remedying a failure to conciliate in good faith); E.E.O.C. v. Klingler Elec. Corp., 636 F.2d 104, 107 (5th Cir. 1981) ("the appropriate remedy, should the district court find that the EEOC has not adequately attempted conciliation, would be the stay permitted by 42 U.S.C. § 2000e-5(f)(1)"). Without deciding that the EEOC failed to conciliate in good faith, the Court ordered that the parties meet again for the express purpose of discussing conciliation in greater detail. The parties met on March 22, 2011, before Magistrate Judge David Keesler, for more than three and one-half hours. (Minute Entry, March 22, 2011; Doc. No. 50). Despite being given the opportunity to conciliate, the parties generally agreed that the meeting would be more productive as a judicial settlement conference, and proceeded accordingly.[2]

After the parties' March 22 meeting, the Court reiterated its oral order granting the EEOC's motion *in limine*, concluding that an alleged defect in the conciliation process, like other conditions precedent and jurisdictional prerequisites, is a question for the Court rather than the jury. (Doc. No. 50). Furthermore, conciliation evidence would be precluded by Fed. R. Evid. 408, which prohibits the introduction of evidence relating to compromise or settlement negotiations "when offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount . . . ." See also § 2000e-5(b) ("Nothing said or done during and as a part of [the conciliation process]

---

[2] The EEOC continues to maintain that its initial conciliation effort satisfied the prerequisites to suit, that they were taken in good faith, and that when Defendant terminated the conciliation process (Doc. No. 40-1), the EEOC was under no obligation to continue discussions. As set forth in greater detail *infra*, the Court agrees.

3

may be made public by the Commission, its officers or employees, or used as evidence in a subsequent proceeding without the written consent of the persons concerned").

Defendant now moves the Court to reconsider its order excluding evidence and testimony relating to conciliation. (Doc. No. 55). Defendant further moves the Court to clarify whether Defendant needs to plead the alleged failure of the EEOC to conciliate in good faith as an affirmative defense, and if so, to grant Defendant leave to amend its Answer. (Doc. No. 56).

## II. DISCUSSION

Before filing a Title VII complaint, the EEOC must satisfy specified prerequisites, so that the parties may "have the fullest opportunity to resolve charges of discrimination without resorting to the courts." E.E.O.C. v. Am. Nat'l Bank, 652 F.2d 1176, 1184 (4th Cir. 1981). Specifically, before the EEOC can bring a civil action against an employer, "there must be a charge filed with the EEOC, notice of the charge to the employer, investigation by the EEOC, a determination of reasonable cause, and an effort at conciliation." Id. at 1185; § 2000e-5(b), (f)(1). The administrative prerequisites to suit serve two important purposes: "first, the employer is fully notified of the violation alleged by the charging party; and second, the EEOC has the opportunity to consider all the charges and to attempt their resolution through conciliation and voluntary compliance." Am. Nat'l Bank, 652 F.2d at 1185. Conciliation is considered a prerequisite to the EEOC's power to sue, id., and is "quasi-jurisdictional" in that the EEOC's complete failure to conciliate creates a bar to the district court's jurisdiction over the case whereas a challenge to "the sufficiency of the conciliation effort presents a question of whether the court should stay the proceeding for further conciliation." E.E.O.C. v. Hibbing Taconite Co., 266 F.R.D. 260, 268 n.3 (D. Minn. 2009) (citations omitted); see also Am. Nat'l Bank, 652 F.2d at 1185; Zia Co., 582 F.2d at 533; E.E.O.C. v. Radiator Specialty Co., 610 F.2d 178, 183 (4th Cir. 1979); but see Agro Distrib.,

555 F.3d at 469 (holding the conciliation requirement to be a precondition to suit but not a jurisdictional prerequisite).

### A. Motion for Reconsideration

Defendant argues that the EEOC has failed to conciliate in good faith and thus that it has not met the jurisdictional prerequisites to filing suit. Specifically, Defendant appears to argue that the EEOC's Letter of Determination (Doc. No. 55-1) was insufficient to put Defendant on notice of the charges made by Avelar, so that the subsequent conciliation letter was unreasonable. (Doc. No. 55 at 2-3, 8). Defendant further argues that the EEOC's conciliation letter, dated December 3, 2009 (Doc. No. 55-2) constitutes a "demand for payment" and that the EEOC failed to communicate to Defendant what evidence it had in support of its position, which violates the requirement that conciliation be made in good faith. (Doc. No. 55 at 7).

Even assuming, *arguendo*, that the EEOC's conciliation effort was insufficient, Defendant's Motion notably presents no new law suggesting how a "jurisdictional prerequisite" (Doc. No. 55 at 9) raises an issue for the jury, but only argues that the question of whether conciliation was undertaken in good faith is a question of fact, or a mixed question of law and fact. (Id. (citing E.E.O.C. v. Jordan Graphics, 769 F. Supp. 1357 (W.D.N.C. 1991))). As noted previously (Doc. No. 50 n. 3), the Jordan Graphics case is inapposite as the court was presiding over a bench trial and made a factual finding that the conditions precedent had been satisfied prior to, and distinct from, addressing the merits of the case. 769 F. Supp. at 1362. "A motion to reconsider is inappropriate where it merely seeks "to re-debate the merits of a particular motion." In re Vioxx Products Liability Litigation, 230 F.R.D. 473, 475 (E.D. La. 2005). Nor were such motions intended "to give an unhappy litigant one additional chance to sway the judge." Myers v. Rigel, No. 2:09cv236, 2010 WL 1759558, at *2 (S.D. Miss. May 3, 2010). Rather, the purpose of a motion for reconsideration

5

is to correct "manifest errors of law or fact . . . ." DIRECTV, Inc. v. Hart, 366 F. Supp. 2d 315, 317 (E.D.N.C.2004) (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 907, 909 (3d Cir.1985)). "A motion to reconsider is appropriate where the court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension." Id.

Simply put, the sufficiency of the EEOC's conciliation effort is not a question to be considered by the jury because it, like other jurisdictional challenges, would create a bar to the Court's ability to consider the merits of the case. E.E.O.C. v. Service Temps, Inc., No. 3:08-cv-1552-D, 2010 WL 2381499 at *3 (N.D. Tex. June 11, 2010); see also Scarfo v. Ginsberg, 175 F.3d 957, 961 (11th Cir. 1999) ("Because subject matter jurisdiction addresses the power of a court to hear a case, a jury does not resolve factual issues regarding subject matter jurisdiction. Instead, that duty is for the court"); Parvey v. Conley, 544 F.3d 739, 741 (7th Cir. 2008) ("not every factual issue that arises in the course of a litigation is triable to a jury as a matter of right . . . . The clearest example is subject-matter jurisdiction; often it turns on factual issues that may be genuinely debatable, but even if so the issues are resolved by the judge); Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006) (distinguishing between factual challenges to jurisdiction, decided by the judge, and contested facts that address an essential element of the claim–to be decided by the jury).[3] Defendant

---

[3] To the extent Defendant argues that the satisfaction of the EEOC's statutory prerequisites constitutes an "essential element of the EEOC's claim," (Doc. No. 56 n. 1), Defendant appears to conflate the statutory prerequisites that must be satisfied prior to filing suit and the separate question to be determined by the fact-finder: whether Defendant subjected Avelar to a hostile work environment in violation of Title VII. Service Temps, Inc., 2010 WL 2381499 at *3 ("Statutory preconditions such as conciliation are obviously not elements of the EEOC's cause of action"). In order to prevail on that question, the EEOC need not prove that it conciliated in good faith, but rather that Avelar was subject to (1) unwelcome conduct; (2) because of his national origin; (3) that was sufficiently severe and pervasive to alter the conditions of his employment and create an abusive working environment; and (4) that is imputable to Defendant. See, e.g., Hoyle v. Freightliner, LLC, 2011 WL 1206658 at *6 (4th Cir. 2011) (describing the elements of a sex-based hostile work environment claim).

has not presented any reason why the Court's ruling excluding evidence and testimony regarding conciliation is in error as a matter of law, and instead is simply trying to "re-debate" the EEOC's motion *in limine*. Defendant's Motion for Reconsideration must be DENIED.

### B. Subject-Matter Jurisdiction

To the extent that Defendant raises a factual challenge to this Court's jurisdiction to consider the EEOC's claims by arguing the EEOC has failed to satisfy a "jurisdictional prerequisite" to suit, Defendant's argument bears additional attention. The Court concludes as a matter of fact that the EEOC conciliated in good faith and it has thus satisfied its statutory conditions precedent to suit. The Court holds it has jurisdiction to consider the EEOC's hostile work environment claim.

The conciliation requirement does not demand an exacting standard, and "[t]he law requires . . . no more than a good faith attempt at conciliation." Radiator Specialty, 610 F.2d at 183 (citing Zia Co., 582 F.2d 527). There exists a split in the circuits regarding what level of review a district court should appropriately apply in analyzing the EEOC's conciliation attempts. E.E.O.C. v. Riverview Animal Clinic, P.C., No. 2:09-cv-09150-AKK, 2010 WL 5644850 at *3 (N.D. Ala. Dec. 20, 2010). The Fifth and Eleventh Circuits, for example, review the EEOC's efforts for "reasonableness and responsiveness under all the circumstances." E.E.O.C. v. Asplundh Tree Expert Co., 340 F.3d 1256, 1259 (11th Cir. 2003); Agro Distrib., 555 F.3d at 468 (reviewing the EEOC's conciliation effort to ensure it responds "in a reasonable and flexible manner to the reasonable attitudes of the employer). The Sixth and Tenth Circuits, on the other hand, take a more deferential view, holding that "[t]he district court should only determine whether the EEOC made an attempt at conciliation. The form and substance of those conciliations is within the discretion of the EEOC as the agency created to administer and enforce our employment discrimination laws and is beyond judicial review." E.E.O.C. v. Keco Indus., Inc., 748 F.2d 1097, 1102 (6th Cir. 1984); Zia

Co., 582 F.2d at 533 ("a court should not examine the details of the offers and counteroffers between the parties, nor impose its notions of what the government should provide . . . ."). The Fourth Circuit, in its early rulings on the subject, adopted the deferential standard of the Tenth and Sixth Circuits. See, e.g, Radiator Specialty, 610 F.2d at 183; Am. Nat'l Bank, 652 F.3d at 1185-86.

Based on the deferential standard, the EEOC has satisfied its requirement of good faith conciliation. The record makes clear that the EEOC sent an offer of conciliation on December 3, 2009. (Doc. No. 55-2). Defendant reviewed the EEOC's offer and responded that it had "no intention of making any settlement offers in this matter." (Doc. No. 55-4). On December 24, 2009, the EEOC confirmed that conciliation had failed. (Def. Exh. 4).

However, even under a heightened level of scrutiny, the EEOC has still conciliated in good faith. Under this standard, "a good faith attempt at conciliation requires that the EEOC: (1) outline to the employer the reasonable cause for its belief that Title VII has been violated; (2) offer an opportunity for voluntary compliance; and (3) respond in a reasonable and flexible manner to the attitudes of the employer." Agro Distrib., 555 F.3d at 468. "Courts find that reasonableness or flexibility of the EEOC lacking where it refuses to communicate or negotiate with the defendant." Riverview Animal Clinic, 2010 WL 5644850 at *3. Importantly, however, there is no requirement that the EEOC continue to negotiate once the futility of conciliation has become apparent, nor is there a requirement that the EEOC prove its case during the conciliation period. Id. Furthermore, the mere fact that "the [Defendant] was dissatisfied with the EEOC's explanation of its determination is not a reason to find that the EEOC acted unreasonably." Id. (alterations in the original) (quoting EEOC v. Mastec N. Am., Inc., 2006 WL 3949167 at *8-9 (M.D. Fla. Oct. 24, 2006)). In short, there is no requirement that the EEOC meet Defendant in the middle, nor is there a requirement that Defendant be satisfied with the sufficiency of the evidence or with the depth of

the EEOC's investigation, and "courts do not second-guess the EEOC's conciliation efforts so long as the EEOC acts in a reasonable and flexible manner as it negotiates with the defendant." Id.

Here, there is no indication that the EEOC acted unreasonably. The record does not support Defendant's characterization of the EEOC's conciliation offer as a heavy-handed and inflexible exercise of governmental authority. First, the letter opens by stating "[t]his letter is to determine the respondent's willingness to participate in conciliation discussions to resolve this matter." (Doc. No. 55-2). The letter then proceeds to lay out what can only be considered the EEOC's opening settlement offer, which it states are "remedies that are appropriate for the case and substantially the same remedy that a federal court would provide." (Id.) Finally, the letter concludes by inviting Defendant to meet with the EEOC to discuss the letter. At no point in the letter does the EEOC make a demand for payment, indicate that the letter is a "take-it-or-leave-it" final offer, nor does it intimate that the EEOC "had no interest in negotiating anything" (Doc. No. 55 at 7).

In reality, the record indicates that it was, in fact, Defendant whom declined to negotiate. Despite the EEOC's request that Defendant respond to the conciliation letter within seven days of the date of the letter, or by December 10, 2009, the parties did not speak until December 15, 2009, when Melinda Caraballo, an EEOC investigator contacted Defendant's former counsel to determine if Defendant would attend the offered conciliation meeting. (Doc. No. 55-3). Caraballo's notes[4] indicate:

> Mr. Chandler [Defendant's former counsel] stated that Mr. McGee conducted his internal investigation and he was not going to settle based on he said she said [sic]. I informed Mr. Chandler that we did have witness testimony regarding the incident. I informed him that I could not tell him the names of those who gave testimony because of our confidentiality clause. He stated he was not going to advise his client

---

[4] Despite potential issues regarding the admissibility of Caraballo's notes at trial, the Court will consider them for the limited purpose of determining its jurisdiction over the EEOC's claims.

9

> to settle just because we had witness testimony.
> I told Mr. Chandler that I needed a letter stating that Respondent did not want to conciliate so that I can move the charge. I gave him my name and address.

(Id.) Nothing in Caraballo's notes suggest the EEOC was sand-bagging Defendant, refusing to negotiate with Defendant, or otherwise called-off the conciliation process prematurely. To the contrary, an objective reading of the record reveals that conciliation failed only after the EEOC laid out its position and invited Defendant to the table, Defendant declined the offer to meet, and took the reasonable position it would not negotiate. The EEOC sought confirmation of Defendant's position so that it could proceed to trial, but there is nothing to indicate that it compelled Defendant to abandon conciliation involuntarily. Despite Defendant's unsupported claims to the contrary (Doc. No. 55 at 7), the EEOC was not obligated to counter-offer, nor was it required to present more evidence or soften its position.

Nor was the conciliation effort rendered insufficient by Defendant's allegation that the EEOC's investigation prior to the determination letter was flawed. (Doc. No. 55 at 3-4, 8). The September 30, 2009 Letter of Determination accomplished what it is required to: it put Defendant on notice of the charges against it for which the EEOC would seek to conciliate. Keco Indus., 748 F.2d at 1100. Specifically, it indicated that the EEOC had reasonable cause to belief that Defendant had harassed Avelar and similarly situated Hispanics and pointed to its evidence supporting Avelar's claim. (Doc. No. 55-1). It further dismissed one of Avelar's claims–for disparate treatment–after concluding that there had not been sufficient evidence to support that claim. (Id.) Having determined that the letter of determination was sufficient, it would be error for this Court to "inquire into the sufficiency of the [EEOC's] investigation." Keco Indus., 748 F.2d at 1100. "The purpose of the EEOC's investigation of a discriminatory charge is to determine if there is a basis for that charge," and examining the sufficiency of the EEOC's investigation would distract "from the main

purpose of the litigation: to determine whether [the defendant] has violated Title VII." Id. (citing E.E.O.C. v. Chesapeake and Ohio Ry., 577 F.2d 229 (4th Cir. 1978); E.E.O.C. v. Chicago Miniature Lamp Works, 526 F. Supp. 974, 975 (N.D. Ill. 1981)). "If the charge is not meritorious, procedures are available to secure relief, i.e. a *de novo* trial in the district court." Id. (citation omitted).

The EEOC's conduct in this case is nowhere near the level of unreasonable conduct courts have held to constitute bad faith. In Agro Distribution, for example, the court held that the EEOC had not conciliated in good faith when the letter of determination contained demonstrable factual inaccuracies and rephrased statements from witnesses. 555 F.3d at 467. Attached to its determination letter, the EEOC included a "conciliation agreement" that "demand[ed]" injunctive relief as well as more than $155,000 in back-pay, out-of-pocket medical expenses, and unspecified compensatory damages. Id. The EEOC investigator called the defendant a few weeks after submitting the conciliation agreement and left a message on a Friday. The following Monday, the defendant's counsel returned the call and left a message requesting a meeting to discuss conciliation, which was not returned. The next day, the EEOC submitted a letter unilaterally announcing conciliation had failed. Id. After the defendant's attempts to resume conciliation, including submitting a counter-offer, dragged out without response from the EEOC for nearly ten months, the EEOC filed suit seeking $250,000 in damages, including approximately $80,000 in punitive damages. Id. The court held that the EEOC acted unreasonably by "repeatedly failing to communicate" with the defendant and that the EEOC had "abandoned its role as neutral investigator and compounded its arbitrary assessment . . . with an insupportable demand for compensatory damages as a weapon to force settlement." Id. at 468.

Likewise in Asplundh Tree Expert, the EEOC sent the defendant a "conciliation agreement" that required injunctive relief from the defendant but failed to identify how the EEOC intended to

11

hold the defendant liable for the harassing conduct of an employee of a state-agency that had hired the defendant. 340 F.3d at 1257-58. When the defendant's counsel sought to meet with the EEOC to discuss the conciliation agreement, the EEOC did not respond but instead submitted a letter the next day indicating that conciliation had failed. Id. at 1258-59. The EEOC filed suit two weeks later. Id. As in Agro Distribution, the Asplundh court concluded that the EEOC failed to conciliate in good faith because it had failed, in all respects, to make clear the basis for the EEOC's charge against the defendant and because it unreasonably failed to extend the conciliation period after the defendant requested to continue negotiating. Id. at 1260-61.

The differences between these cases and the case at bar are stark, and it cannot be said that the EEOC acted unreasonably here in the same manner as the EEOC in either Agro Distribution or Asplundh. If anything, this case is more analogous to Radiator Specialty, where the court held that the EEOC conciliated in good faith where the defendant was made aware of the charges against it, given an opportunity to enter settlement discussions, and declined to participate in settlement discussions. 610 F.2d at 183; see also Riverview Animal Clinic, 2010 WL 5644850 at *4.

Finally, and perhaps most compelling to this Court, the parties were given an additional opportunity to conciliate on March 22, 2011, the appropriate remedy to an alleged defect in the conciliation process. That the EEOC arrived at the March 22 meeting prepared to discuss an out-of-court resolution of the case is sufficient to demonstrate its good faith in this Court's view. "The emphasis of the conciliation provision of Title VII is not to provide a rigid pleading requirement on the EEOC in enunciating the reasonable cause determination, but instead to provide the employers with the opportunity to resolve disputes with the EEOC before a lawsuit is filed." Jordan Graphics, 769 F. Supp. at 1361. Defendant was given ample opportunity, both in December 2009 and in March 2011, to resolve the claims against it. That this opportunity did not prove fruitful cannot be

12

attributed to bad faith on the part of the EEOC.

The EEOC met its statutory mandate where it informed Defendant of the charges, made an offer of settlement, and kept the lines of communication open until such time as Defendant stated it would not negotiate. Accordingly, the Court finds as a matter of fact that the EEOC conciliated in good faith. The EEOC has satisfied the jurisdictional prerequisites to suit, and the Court has jurisdiction over this case.

### C. Motion for Clarification

Having found that the EEOC conciliated in good faith as a matter of fact, this issue is settled and the Court need not further clarify its March 24 Order. Accordingly, Defendant's Motion for Clarification is DENIED as moot.

### III. CONCLUSION

IT IS THEREFORE ORDERED that Defendant's Motion for Reconsideration of the Court's Order Excluding Evidence and Testimony Relating to Conciliation (Doc. No. 55) is DENIED. To the extent that Defendant challenges this Court's jurisdiction to consider the merits of the EEOC's claim, the Court concludes as a matter of fact that the EEOC has satisfied the conditions precedent to suit and accordingly that this Court has subject-matter jurisdiction. Accordingly, Defendant's Motion for Clarification (Doc. No. 56) is DENIED as moot.

IT IS SO ORDERED.

Signed: April 21, 2011

Frank D. Whitney
United States District Judge